Filed 4/18/25  P. v. Sepulveda CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN ANTONIO SEPULVEDA,<br><br>    Defendant and Appellant. | B336784<br>(Los Angeles County<br> Super. Ct. No. VA104271) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Reversed and Remanded.

Juliana Drous, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Juan Antonio Sepulveda (Sepulveda) petitioned the trial court for resentencing under Penal Code section 1172.6.[1]  The court summarily denied his petition without appointing counsel.  We reverse and remand with directions to appoint counsel and conduct the prima facie inquiry required by section 1172.6, subdivision (c).

## FACTUAL AND PROCEDURAL BACKGROUND

We draw some of the facts here from the opinion on Sepulveda's direct appeal from his conviction, issued by a prior panel of this court in 2010. (*People v. Sepulveda* (May 26, 2010, B215316) [nonpub. opn.].)

Sepulveda and Rosemary Arellanes (Arellanes) had an "off and on" romantic relationship beginning in 2004, and were the parents of a child. (*People v. Sepulveda, supra*, B215316, at p. 1.)  Arellanes also developed a relationship with her coworker, Alberto Garcia (Garcia).  (*Ibid.*)  During the month of November 2007, Sepulveda threatened both Garcia and Arellanes multiple times, said if he saw Arellanes with any other man he would kill them both, and gave Arellanes a black eye.  (*Ibid.*)

At 2:00 a.m. on the morning of December 3, 2007, Arellanes got off her work shift; Garcia drove her home, then returned to finish his own shift. (*People v. Sepulveda, supra*, B215316, at p. 1.)  At 2:46 a.m., Sepulveda called Arellanes, demanding to know where she was and accusing her of accepting a ride from Garcia.  (*Ibid.*)  At 2:58 a.m., Garcia was found dead in his car from gunshot wounds.  (*Id.* at p. 2.)

---

[1]     All future statutory references are to the Penal Code, unless otherwise stated.

Sepulveda's call to Arellanes was traced to the cell phone tower closest to the location of Garcia's body. (*People v. Sepulveda, supra*, B215316, at p. 2.) The bullet casings found at the scene all came from the same gun, as did all but one of the bullets found in Garcia's body.[2] (*Ibid.*) Further, Sepulveda had another girlfriend, who brought a box of ammunition for the same type of gun to the police. (*Ibid.*) She said Sepulveda had called her and instructed her to get rid of the box. (*Ibid.*)

On March 5, 2009, Sepulveda was convicted of murder.[3] (§ 187, subd. (a).) The jury also found true certain enhancements for use of a firearm and infliction of great bodily injury and death (§ 12022.53, subds. (b)-(d)). He was subsequently sentenced to a term of 50 years. This court affirmed the judgment. (*People v. Sepulveda, supra*, B215316, at p. 6.)

In January 2024, Sepulveda filed a petition for resentencing under section 1172.6. The trial court denied the petition without appointing counsel or holding a hearing, finding Sepulveda ineligible for relief. The court reasoned: "[Sepulveda] was not convicted under the natural and probable consequences doctrine or the felony murder rule; petitioner is ineligible for relief under Penal Code section 1172.6; and the jury found the petitioner personally discharged a firearm causing great bodily injury and death to victim Alberto Garcia with respect to the murder charge in count 1, in which he was convicted."

Sepulveda timely appealed.

---

[2] That one bullet was not in a condition for a comparison to be made. (*People v. Sepulveda, supra,* B215316, at p. 2.)

[3] He was also convicted of possession of a firearm by a felon (§ 12021, subd. (a)(1)) and infliction of corporal injury on a co-parent (§ 273.5, subd. (a)).

**DISCUSSION**

Sepulveda argues the trial court erred by failing to appoint counsel and conduct a prima facie inquiry into his petition. The People argue the error was harmless because the trial court's determination was substantively correct and Sepulveda is ineligible for resentencing as a matter of law. Because it is unclear what records the trial court has already reviewed, and the trial court is better suited to conduct the prima facie inquiry in the first instance, we reverse and remand.

I. *Governing Law*

In 2019, the legislature updated the murder statutes to limit vicarious liability for that offense. (Stats. 2018, ch. 1015, §§ 1-3; see *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) The legislature also provided a procedure for defendants to request resentencing if they had been convicted under previous versions of the law. (Stats. 2018, ch. 1015, § 4; see *Lewis, supra,* 11 Cal.5th at p. 959.) A person convicted of murder is eligible for resentencing if they were "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)

A petition seeking resentencing under section 1172.6 must contain the following: a declaration from the petitioner that they are eligible for resentencing, the superior court case number and year of the petitioner's conviction, and whether the petitioner requests appointed counsel. (§ 1172.6 subd. (b)(1).) Upon receipt of a facially compliant petition requesting appointment of counsel, the trial court must appoint counsel. (§ 1172.6, subd. (b)(3).) The court must then hold a hearing "to determine whether the

4

petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) At that hearing, the court may examine the record of conviction in determining whether the showing has been made, but must accept the petitioner's allegations as true unless the court's own documents contain facts refuting those allegations. (*Lewis, supra,* 11 Cal.5th at p. 971.)

We review the trial court's inquiry de novo. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

II.     *Application*

Sepulveda filed a facially compliant petition requesting appointment of counsel. Therefore, as the Attorney General concedes, the trial court erred in failing to appoint counsel and proceed to the prima facie evaluation required under section 1172.6, subdivision (c). Under *Lewis, supra,* 11 Cal.5th at pages 973–975, such error may be harmless if the record of conviction clearly shows there is no prima facie case to be made.

However, *Lewis* warns that the absence of a fully developed record may result in remand for the trial court to complete the required statutory assessment. (See *Lewis, supra,* 11 Cal.5th at pp. 969–970.) Where the trial court has not reviewed the full record of conviction, we should not undertake that review in the first instance. (*People v. Gallardo* (2024) 105 Cal.App.5th 296, 302–303 (*Gallardo*).)

In *Gallardo*, the trial court appointed counsel and held a hearing but denied the petition without the required briefing or any submission of documents, based on an oral proffer from the prosecution to which there was no objection. (*Gallardo, supra,* 105 Cal.App.5th at p. 300.) The Attorney General urged the appellate panel to review the record from petitioner's direct appeal and find the error harmless. (*Id.* at p. 302.) The panel declined,

5

explaining: "the Attorney General's argument is, in effect, a request that we review the record to determine Gallardo's eligibility for relief in the first instance. . . . This court will not perform the trial court's statutorily mandated task for the first time on appeal." (*Ibid.*) Doing so would violate the canon against substituting the reviewing court's judgment for that of the trial court. (*Id.* at pp. 302–303 & fn. 3.)

The logic of *Gallardo* governs here, even though the trial court in this case did consider some portion of the relevant documents. The trial court's minute order indicates it reviewed "the record of conviction" without identifying any specific items. The only portions of the record of conviction included in the clerk's transcript are the information, the minute orders recording conviction and sentence, the abstract of judgment, and the probation officer's report. Other portions of the record of conviction, such as the verdict forms, closing arguments, and jury instructions, are absent from the transcript. (See *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 [listing components of the record of conviction].) It is not clear whether the trial court reviewed these documents.

While we have granted judicial notice of the appellate record in Sepulveda's direct appeal, which contains the missing items, that request was made by the Attorney General concurrently with the respondent's brief. Thus, the full record of conviction only became part of these proceedings after Sepulveda's opening brief had been filed. Our review of the record in Sepulveda's direct appeal would be the first examination of several lengthy and significant documents. It would be done without the benefit of full briefing, without the procedural flexibility of the trial court, and would shift work between courts in precisely the manner our Supreme Court sought to avoid in *Lewis*. (See *Lewis, supra,* 11 Cal.App.5th at pp. 969–970.)

6

Therefore, "the appropriate remedy is reversal of the order denying the petition with directions" to the trial court to appoint counsel under section 1172.6, subdivision (b)(3), and conduct the inquiry prescribed by section 1172.6, subdivision (c). (*Gallardo, supra,* 105 Cal.App.5th at p. 303.) Because we reverse and remand for the trial court to conduct the prima facie inquiry, we neither express an opinion on the substantive outcome of that inquiry nor discuss Sepulveda's ultimate eligibility for section 1172.6 relief.

## DISPOSITION

The order of the trial court is reversed. The case is remanded and the trial court is directed to appoint counsel for Sepulveda and conduct the prima facie inquiry required by section 1172.6, subdivision (c).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


MORI, J.


DAUM, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.